```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     NORTHERN DIVISION at ASHLAND
```

| | | |
|---|---|---|
| SAMMIE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 0:20-cv-123-JMH |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ALLEN BEARD, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Sammie Williams is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Williams has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [DE 1]. The matter is now before the Court on initial screening. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons that follow, Williams's petition will be **DENIED**.

**I.**

A § 2241 petition should be denied upon a district court's initial screening "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Williams's petition under a more lenient standard because he is proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his factual

allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**II.**

Despite the leniency afforded *pro se* pleadings, Williams's petition must be denied. Williams's petition attempts to state a claim of actual innocence. But in making this claim, the petition fails to set forth sufficient argumentation or supporting case law to warrant § 2241 habeas relief.

Although a federal prisoner may challenge the legality of his conviction and sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between § 2255 and § 2241 relief). Instead, a § 2241 petition is typically used to challenge actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

To be sure, there is an exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 proceeding. However, the Sixth Circuit Court of Appeals has explained that an inmate may only proceed via this exception in limited circumstances. For the exception to

apply, the petitioner must allege his own actual innocence by demonstrating that:

> (1) The existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Williams has not made such a showing in this case. In his petition, Williams claims that "subsequent to [his] Direct Appeal, the substantive law changed such that the conduct of which the petitioner was convicted was deemed not to be criminal." [DE 1 at 5]. However, Williams wholly fails to articulate that alleged change in the law. Williams cites to no case law setting forth a new, retroactive interpretation of statutory law that applies to his case. Instead, he summarily suggests he should not have been classified as Career Offender under the United States Sentencing Guidelines and claims his lawyer provided ineffective assistance of counsel. [DE at 7]. And in his supporting memorandum, he cites no applicable case law when complaining of the methods used by the state of New York to document his predicate offenses. [*Id.* at 10].

Overall, the vague and conclusory assertions provided in Williams's petition leave the Court without a clear understanding of how or why Williams believes he is entitled to relief. As a result, the petition falls short of that required for a successful

3

§ 2241 assertion of actual innocence, and the Court must deny Williams's request for relief.

### III.

For these reasons, the Court hereby **ORDERS** as follows:

(1) Willilams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED**;

(2) This case is **CLOSED** and **STRICKEN** from the Court's active docket; and

(3) Judgment will be entered contemporaneously herewith.

This the 23rd day of October, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4